**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC.,<br><br>Defendant. | Case No. 1:21-cv-03070 |

## COMPLAINT

**NOW COMES**, Plaintiff, CHRISTOPHER DAVIS, through undersigned counsel, complaining of Defendant, TRANSWORLD SYSTEMS, INC., as follows:

## NATURE OF THE ACTION

1. This is an action seeking redress for alleged violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*. and violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

4. CHRISTOPHER DAVIS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 4 Red Bud Court, Bolingbrook, Illinois 60490.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. TRANSWORLD SYSTEMS INC. ("Defendant") is a corporation with its principal place of business at 150 North Field Drive, Suite 200, Lake Forest, Illinois 60045.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

**FACTUAL ALLEGATIONS**

11. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 3341.

12. At all times relevant, Plaintiff's number ending in 3341 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

13. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

14. On or before May 6, 2020, National Collegiate Trust enlisted Defendant to collect Plaintiff's defaulted $58,126 federal student aid account balance.

15. Plaintiff's alleged $58,126 account balance is a "debt" as defined by 15 U.S.C. § 1692a(5) as it relates to an obligation or alleged obligation to pay money arising out of a transaction in which the money which is the subject of the transaction are primarily for personal, family, or household purposes (student loans).

16. The twist? Plaintiff is currently sending monthly payments to Navient Solutions, LLC.

17. Notwithstanding, two months ago, Plaintiff started to receive phone calls from Defendant seeking payment on Plaintiff's alleged $58,126 account balance.

18. On multiple occasions, Plaintiff answered these calls and was met by an approximate three-second pause prior to being connected to an agent.

19. On several instances, Plaintiff verbally disputed that he owed the amount sought – explaining that he is sending payments to Navient.

20. Getting nowhere, Plaintiff requested for the phone calls to cease.

21. Despite Plaintiff's request, Defendant's collection calls continue.

23. In total, Plaintiff received at least 15 phone calls from number(s) leading back to Defendant, including (312) 614-1039 despite Plaintiff's request(s) for the phone calls to cease.

24. Upon information and belief, Defendant placed these calls to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") – technology commonly used by debt collectors to place collection calls.

25. Specifically, Plaintiff was met by a pre-recorded message upon answering numerous calls from Defendant after requesting the calls cease.

22. Additionally, Defendant failed to communicate that Plaintiff's debt is "disputed" to Experian and/or Trans Union.

## DAMAGES

23. Defendant's harassing phone calls have severely disrupted Plaintiff’s everyday life and overall well-being.

24. Defendant’s phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and

tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

25. Concerned with having had his rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

26. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692d**

27. Section 1692d provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

28. Defendant violated 15 U.S.C. § 1692d(5) by repeatedly or continuously calling Plaintiff after being asked to cease.

29. Defendant's behavior of systematically calling Plaintiff in an attempt to collect debt that Plaintiff disputed was harassing and abusive.

30. Defendant's collection calls to Plaintiff were made with specific intent of annoying, harassing, and abusing Plaintiff.

31. That Defendant knowingly placed phone calls to Plaintiff after Plaintiff informed Defendant he disputed this debt is illustrative of Defendant's intent to annoy and harass Plaintiff.

32. That Defendant knowingly placed phone calls to Plaintiff after Plaintiff requested for the phone calls to cease is illustrative of Defendant's intent to annoy and harass Plaintiff.

**Violation of 15 U.S.C. § 1692e**

33. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

34. Defendant violated 15 U.S.C. § 1692e(8) by failing to communicate to Experian and Trans Union that Plaintiff disputed Plaintiff's alleged $58,126 student loan account balance.

**Violation(s) of 15 U.S.C. §1692c**

35. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
> 15 U.S.C. § 1692c(a)(1).

36. Defendant violated 15 U.S.C. § 1692c(a)(1) by placing phone calls to Plaintiff's cell phone after Plaintiff requested that the phone calls cease.

37. Specifically, after Plaintiff requested that the phone calls cease, any time that Defendant called Plaintiff was an inconvenient time.

38. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692d(5), e(8) and c(a)(1) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff, requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692d(5), e(8) and c(a)(1);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

**COUNT II:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**

39. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

40. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." Parchman v. SLM Corp., 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

41. Defendant placed or caused to be placed no less than forty (40) non-emergency calls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

42. As pled above, Defendant used an artificial or prerecorded voice which automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

43. Defendant did not have consent to place calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

44. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

45. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff .

46. As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff, requests the following relief:

A. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

B. an award of $500.00 in damages to Plaintiff for each such violation;

C. an award of treble damages up to $1,500.00 to Plaintiff for each such violation; and

D. an award of such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: June 8, 2021

Respectfully submitted,

**CHRISTOPHER DAVIS**

By: */s/ Victor T. Metroff*

Mohammed O. Badwan
Victor T. Metroff
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com